THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NETPOSITIVE CORPORATION, | CASE NO. C18-0858-JCC |
| Plaintiff, | ORDER |
| v. | |
| QBE AMERICAS, INC., d/b/a QBE REGIONAL COMPANIES (N.A.) INC., | |
| Defendant. | |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.  General Principles**

1.  An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.  The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.* shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.* third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that

data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)–(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (*see also* Section (E)(5)).

    e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (*e.g.* email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D. Privilege**

1. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E. ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer-or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer-or technology-aided methodology.
In the absence of agreement on appropriate search terms, or an appropriate computer-or technology-aided methodology, the following procedures shall apply:

    a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

    b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

    c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

    d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

3. <u>Format.</u> The parties agree that ESI will be produced in searchable, bates-numbered single-page TIFFs (300 DPI) with extracted text files, metadata supplied in DAT file, and an OPT load file for loading the images. ESI that does not readily convert to PDF, including Excel spreadsheet and PowerPoint files, or cannot be converted to PDF, should be produced natively and assigned a single bates number. Documents produced in searchable, single-page TIFF format should be named to match the beginning Bates number associated with the file.

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that the following metadata fields will be produced: bates start, bates end, doc type, custodian (and duplicate custodians), author, file name and size, original file path, date created, date modified and hash value. In the case of email, in addition to the above metadata please include: date sent and/or received, author/from, recipient/to, cc, bcc, title/subject, att_family field (or a field similar to this that links any attachments to the parent email). For each document produced in response to these requests, please produce a corresponding load file containing docid and path (*i.e., ABC00001,Prod01\Images\00\ABC00001.pdf*).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 15th day of October, 2018.

| SUMMIT LAW GROUP PLLC<br>Attorneys for Plaintiff | GORDON REESE SCULLY MANSUKHANI, LLP<br>Attorneys for Defendant |
|---|---|
| By *s/ Lawrence C. Locker*<br>Lawrence C. Locker, WSBA #15819<br>Teresa R. Rodela, WSBA #53571<br>315 Fifth Avenue S., Suite 1000<br>Seattle, WA 98104<br>*larryl@summitlaw.com*<br>*teresar@summitlaw.com* | By *s/ David W. Cramer*<br>Richard P. Sybert, WSBA #8357<br>David W. Cramer, WSBA #49566<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>*rsybert@grsm.com*<br>*dcramer@grsm.com* |

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED this 17th day of October 2018.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE